IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ESCAPES! INC.; COOPER COMMUNITIES, INC.,
A Delaware Corporation; COOPER REALTY
INVESTMENTS, INC., an Arkansas Corporation;
COOPER LAND DEVELOPMENT, INC., an Arkansas
Corporation; ESCAPES! TRAVEL CHOICES, LLC,
an Arkansas Limited Liability Company; and
ESCAPES! PROPERTY MANAGEMENT, LLC,
an Arkansas Limited Liability Company                              PLAINTIFFS

VS                                          Civil No. 12-5111

J. PAUL TAPPANA and
STONEBRIDGE MANAGEMENT, LLC,
A Missouri Limited Liability Company
NATALIE BOBSIN                                                     DEFENDANTS

## SEPARATE DEFENDANT STONEBRIDGE MANAGEMENT, LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AS TO STONEBRIDGE MANAGEMENT, LLC

Comes now Separate Defendant, Stonebridge Management, LLC, by and through its attorneys, The WILLIAMS LAW GROUP, PLC, and for its Brief in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint as to Stonebridge Management, LLC pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure states the following:

INTRODUCTION

The Plaintiffs originally filed this action alleging that Paul Tappana, a resident of Missouri and former employee of Escapes, Inc., individually entered into a "Non Compete Agreement" with Escapes, Inc., on May 20, 2011, in the Circuit Court of Benton County, Arkansas.  The Plaintiffs generally alleged that Paul Tappana has breached said non-compete agreement through his involvement with Stonebridge Management, LLC, a Missouri company who is registered to do business in Alabama by obtaining a contract with an Alabama Condominium Owners Association (Palm Beach Condominium Owners Association).

1

In its original complaint, the Plaintiffs requested the circuit court grant them equitable relief against Paul Tappana and Stonebridge Management, LLC.  Rather than spend money defending such an action, Stonebridge Management, LLC agreed to walk away from its existing contract with the Palm Beach Condominium Owners Association.  This agreement was memorialized in a Consent Decree Ordering Injunction entered by the Circuit Court on January 27, 2012.  While Stonebridge objected to the Circuit Court's exercise of personal jurisdiction over it in a Motion to Dismiss filed therein, Stonebridge consented to personal jurisdiction in Arkansas for the *limited scope* of the Consent Decree.  As it relates to Stonebridge, said injunction contained only the following prohibition:

18.   J. Paul Tappana and Stonebridge Management, LLC are hereby enjoined and prohibited from performing said management agreement contract or any similar contract between Palm Beach Vacation Owners Association, Inc.

*See ¶ 18 to Consent Decree attached hereto as Exhibit "A".*

Despite said restriction, the injunction specifically reserved Stonebridge's right to raise as an affirmative defense the Circuit Court's lack of personal jurisdiction over Stonebridge.

*See ¶ 24 to Consent Decree attached hereto as Exhibit "A".*

Plaintiffs thereafter on February 16, 2012, filed an Amended Complaint and Motion for Contempt in the Circuit Court alleging new causes of action against Stonebridge.  On May 2, 2012, Plaintiffs filed a Second Amended Complaint naming Natalie Bobsin and Deborah Graff as defendants.  On May 10, 2012, Stonebridge filed an Answer to Plaintiffs' Second Amended Complaint ("Answer") specifically objecting to the Circuit Court's exercise of personal jurisdiction.

*See ¶ 64 to Answer attached hereto as Exhibit "B".*

<u>ARGUMENT</u>

**<u>The Court lacks personal jurisdiction over Stonebridge as the Plaintiff's have not alleged, nor does Stonebridge have minimum contacts with the State of Arkansas.</u>**

The Plaintiffs' original Complaint, Amended Complaint, and Second Amended Complaint fail to set forth any facts that show separate defendant, Stonebridge Management, LLC has the requisite minimum contacts with the State of Arkansas in order for this Court to exercise personal jurisdiction over it.  The Plaintiffs' Second Amended Complaint correctly states that Stonebridge Management, LLC is a Missouri limited liability company registered as a foreign corporation in Alabama.  The Plaintiffs' Second Amended Complaint avers that Stonebridge Management, LLC entered into a contract with Palm Beach Vacation Owners Association (located in Orange Beach, Alabama) in violation of a non-compete agreement allegedly signed by Paul Tappana, a Missouri resident.  Plaintiffs do not allege that Stonebridge Management, LLC is a party to the alleged non-compete agreement.  In its Second Amended Complaint, the Plaintiffs allege that Stonebridge hired Natalie Bobsin, a Missouri resident who allegedly interfered with the Plaintiffs contract with Palm Beach VOA – again, a contract signed and performed in Orange Beach, Alabama.

In fact, there is not a single averment of fact, nor could there be a fact averred that would show Stonebridge Management, LLC has any contact with the State of Arkansas, let alone minimum contacts demonstrating that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice".

On a motion to dismiss for lack of personal jurisdiction, the non-moving party must make at least a prima facie showing of personal jurisdiction.  *Epps v. Stewart Info. Services Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).  Should the court hold an evidentiary hearing, the burden of proof then becomes a preponderance of the evidence.  *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*,

3

946 F.2d 1384, 1387 (8th Cir. 1991). The party seeking to establish personal jurisdiction bears

the burden of proof, and that burden never shifts to the party challenging jurisdiction. *Epps*, 327

F.3d at 647.  When reviewing a motion to dismiss, the allegations of the complaint are taken as

true. *Kossick v. United Fruit Co.*, 365 U.S. 731, 732, 81 S. Ct. 886, 888, 6 L. Ed. 2d 56 (1961).

       In a diversity action, the district court enjoys jurisdiction to the extent permitted by the

long-arm statute of the forum state.  *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d

309, 311 (8th Cir. 1982).  Personal jurisdiction in Arkansas is governed by the state long-arm

statute, Ark. Code Ann. § 16-4-101. The long-arm statute gives the state personal jurisdiction "to

the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of

the United States Constitution." Ark. Code Ann. § 16-4-101.  The United States Supreme Court

requires that a defendant have minimum contacts with the forum state and that the court's

exercise of jurisdiction be consistent with "traditional notions of fair play and substantial

justice." *International Shoe v. State of Washington*, 326 U.S. 310, 316 (1945) see also *Bunker v.

Bunker*, 261 Ark. 851 (1977).

       In applying these requirements the court must inquire as to whether the defendant has

purposefully availed themselves to the protection of the laws of the forum state. *Hanson v.

Denckla*, 357 U.S. 235 (1958). Furthermore, the defendant's contacts with the state must be such

that he or she would *reasonably* anticipate being haled into the court there. *Burger King Corp. v.

Rudzewicz*, 471 U.S. 462 (1985).  The determination of reasonableness for the exercise of

jurisdiction depends on several considerations including the burden on the defendant, the

interests of the forum state, the plaintiff's interest in obtaining relief, the interstate judicial

system's interest in obtaining the most efficient resolution of controversies, and the shared

interest of the several states in furthering fundamental substantive social policies. *Asahi Metal Industry Co., Ltd. V. Superior Court of California, Solano County*, 480 U.S. 102, 113 (1987).

The Arkansas Supreme Court employs a five-factor test for determining the sufficiency of a defendant's contacts so as to satisfy due process under the long-arm statute: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. *John Norrell Arms, Inc. v. Higgins*, 332 Ark. 24, 962 S.W. 2d 801 (1998) (citing *Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100 (8th Cir. 1996)).

Here, Stonebridge is a Missouri limited liability company with its principal place of business in Missouri, registered as a foreign entity to do business in Alabama.  Stonebridge does not and has not done business in Arkansas, nor does Stonebridge maintain an office, own, rent or lease property in Arkansas.  The facts alleged to support Plaintiffs' causes of action in its Second Amended Complaint occurred in Missouri and Alabama and relate to a property located in Alabama.

Stonebridge consented to Arkansas' jurisdiction for the limited scope and extent of the Consent Decree Ordering Injunction, which Stonebridge has honored.  Stonebridge did not consent to Arkansas' jurisdiction for any remaining claims that the Plaintiffs may have against it. Specifically, Stonebridge did not consent to Arkansas' jurisdiction for the causes of action alleged in Plaintiffs' Amended and Second Amended Complaints filed ***after*** the entry of the Consent Decree Ordering Injunction.  Plaintiffs cannot be allowed to boot strap claims they have against Stonebridge onto Stonebridge's limited consent to jurisdiction in the Consent Decree

5

after the entry of the Consent Decree, especially when Stonebridge had no notice of at the time of the entry of the Consent Decree.

Stonebridge concedes that it would be subject to the Court's jurisdiction to enforce the injunction were Stonebridge in violation of such. However, this Court dismissed the Plaintiffs' Motion for Contempt for violation of that injunction against Stonebridge by Order on September 21, 2012. Therefore, the only remaining issues before the Court are those causes of action contained in Plaintiffs' Second Amended Complaint. Stonebridge has filed an Answer to the Second Amended Complaint, specifically objecting to Arkansas' exercise of personal jurisdiction as Plaintiffs agreed and the Circuit Court ordered that Stonebridge could do in the Consent Decree Ordering Injunction.

Stonebridge entered into the Consent Decree Ordering Injunction for the purpose of expeditiously resolving a conflict and avoiding a lengthy and expensive litigation process and consented to personal jurisdiction for the limited scope for the matters covered in that injunction. At no time did Stonebridge expect it would be thereafter haled into court in Arkansas again by the Plaintiffs for causes of action which Stonebridge at the time was not aware of. Plaintiffs cannot be allowed to abuse Stonebridge's limited consent to jurisdiction to amend its complaint and pursue other causes of action when Stonebridge entered into the Consent Decree for the purpose of resolving the conflict with finality.

Now, as Plaintiffs have maintained this action against Stonebridge after the Consent Decree, the fact of the matter remains that Stonebridge did not and does not have minimum contacts with the State of Arkansas as set forth herein. At no time has Stonebridge ever purposely availed itself of the laws of Arkansas or ever reasonably anticipated being haled into court in Arkansas. Stonebridge does not have sufficient minimum contacts with Arkansas under

the Arkansas Supreme Court and Eighth Circuit five-factor test.  Stonebridge does not have *any* contacts with Arkansas that could satisfy the first two factors.  For the third factor, the causes of action alleged by the Plaintiff relate to a management contract performed at a property in Alabama, and Stonebridge, a Missouri entity.  The causes of action do not relate to Arkansas in any way.  Fourth, Arkansas' interests in providing a forum for the Plaintiffs are limited here and outweighed by the Due Process Clauses of the 14th Amendment.  Stonebridge is not an Arkansas company, nor does it have an office or operate its business in Arkansas.  Furthermore, the underlying contract was not performed in Arkansas nor did it concern any property in Arkansas. The only remote connection that Arkansas has to this suit is that the Plaintiffs are Arkansas citizens.  However, when exercising its personal jurisdiction, the forum state must comply with Due Process, and as here, where Stonebridge does not have minimum contacts with Arkansas and therefore this Court cannot exercise personal jurisdiction over Stonebridge.  Finally, Arkansas would not be a convenient forum for this matter as Stonebridge is a Missouri entity with its principal place of business in Missouri.  Stonebridge does not do business in Arkansas. The Plaintiffs, as Arkansas residents, are the only parties to whom Arkansas would be a convenient forum.

Furthermore, Plaintiffs have not alleged facts which establish a prima facie showing that Stonebridge has minimum contacts with Arkansas and they have therefore not met their burden of proof.  As Stonebridge has never consented to Arkansas' jurisdiction for the matters alleged in Plaintiffs' Second Amended Complaint and Arkansas does not have minimum contacts with Arkansas, this Court therefore lacks personal jurisdiction over Stonebridge and the Plaintiff's Second Amended Complaint should be dismissed with prejudice as it relates to Stonebridge.

WHEREFORE, premises considered, separate defendant, Stonebridge Management, LLC respectfully prays this Court dismiss the Plaintiffs' Second Amended Complaint as it relates to Stonebridge Management, LLC as Stonebridge does not have minimum contacts with the State of Arkansas and this Court therefore cannot exercise its personal jurisdiction over it, and award Separate Defendant its costs, attorney fees and any other relief for which it is entitled.

Respectfully submitted,
STONEBRIDGE MANAGEMENT, LLC

By:    /s/Ronald A. Williams
Ronald A. Williams, Ark. Bar No. 75141
The Williams Law Group, PLC
4201 W. New Hope Rd., Suite 202
Rogers, Arkansas 72758
Phone: (479) 633-8421
Fax:   (479) 633-8058
ron@wh-lawfirm.com

*Attorneys for Separate Defendant*
*Stonebridge Management, LLC*

<u>CERTIFICATE OF SERVICE</u>

I, Ronald A. Williams, hereby certify that I have on this 28th day of September 2012 electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to all registered attorneys of record.

/s/ Ronald A. Williams
Ronald A. Williams